**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TWAIN GL XXV, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-00695-MTS |
| ) | |
| JEFFREY AHLHOLM, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on review of the file.[1] The Court notes that Plaintiff's Complaint, Doc. [1], has failed to establish this Court's subject matter jurisdiction for multiple reasons. *Compare* Doc. [1] ¶ 1 (providing no allegations on LLC's members), *and id.* ¶ 4 (alleging there are three members of LLC but then referencing only two), *with GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding, for diversity jurisdiction purposes, that an LLC's citizenship is the citizenship of all its members). *Compare also*, Doc. [1] ¶¶ 2–4 (alleging only where individuals are "resident[s]"),[2] *with Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) ("A complaint or notice of removal resting on residency . . . will not establish citizenship for diversity jurisdiction. This rule is not new." (internal citation omitted)), *and Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014) ("Because of this ambiguity in the word 'resident'—as compared to 'citizen' and the

---

[1] *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").

[2] While Plaintiff did write elsewhere that it and Defendants are "citizens of different states," Doc. [1] ¶ 5, that conclusion cannot, on its own, suffice. *See Villareal v. B&C Contracting Specialist Inc.*, 4:19-cv-2851-RLW, 2020 WL 2088341, at *3 (E.D. Mo. Apr. 30, 2020) ("To establish complete diversity of citizenship, a complaint must include *factual allegations* of each party's state of citizenship." (emphasis added)); *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, 4:15-cv-1541-CAS, 2015 WL 5920663, at *2 (E.D. Mo. Oct. 9, 2015) (finding "insufficient" the statement that none of LLC's members were citizens of the opposing-party's state of citizenship).

unambiguous 'reside'—we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state.").

If Plaintiff can establish this Court's subject matter jurisdiction, it must file an Amended Complaint that does so no later than **June 05, 2023**.  *See* Fed. R. Civ. P. 8(a)(1).  Failure to do so will result in dismissal of this action without prejudice.  *See* Fed. R. Civ. P. 12(h)(3).

*So ordered.*

Dated this 26th day of May 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE