# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TWAIN GL XXV, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-00695-MTS |
| JEFFREY AHLHOLM, | ) |
| LAWRENCE FEIGEN, | ) |
| and | ) |
| SA HOSPITAL ACQUISITION GROUP, LLC | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

This is an action to recover amounts due under a guaranty agreement executed in favor of Plaintiff Twain GL XXV, LLC by Defendants SA Hospital Acquisition Group, LLC ("SA Acquisition Group"), Jeffrey Ahlholm, and Lawrence Feigen.

### Parties, Jurisdiction, and Venue

1. Plaintiff Twain GL XXV, LLC ("Twain") is a Missouri limited liability company with its principal place of business located in this judicial district at 2200 Washington Avenue, St. Louis, Missouri, 63103.

2. Twain GL XXV, LLC's sole member is Twain Funding II LLC, a limited liability company organized under the laws of Delaware.

3. Twain Funding II LLC's sole member is Twain Financial Partners Holding LLC, a limited liability company organized under the laws of Missouri.

4. Twain Financial Partners Holding LLC's sole member is Twain Topco LLC, a

1

limited liability company organized under the laws of Missouri.

5.  Twain Topco LLC's members are:

    (a)    The Karen Handelman 2021 Family Trust;

    (b)    The Mary Badler 2021 Family Trust;

    (c)    The Hirshman Family Trust;

    (d)    The Badler Family Trust;

    (e)    2 M Management LLC;

    (f)    Matthew Guymon, TOD Guymon Revocable Trust (the "Guymon Trust"); and

    (g)    The Taylor Family Joint Revocable Trust

5.  2 M Management LLC's members are:

    (a)    The Marc Hirshman Trust; and

    (b)    The Matthew Badler Revocable Trust.

6.  The Karen Handelman 2021 Family Trust is governed by Missouri law, which imposes fiduciary duties on the trustee and authorizes the trustee to sue and be sued on behalf of the trust. The trustees of the Karen Handelman Family Trust are Karen Handelman and Marc Hirshman.

7.  The Mary Badler 2021 Family Trust is governed by Missouri law, which imposes fiduciary duties on the trustee and authorizes the trustee to sue and be sued on behalf of the trust. The trustees of the Mary Badler 2021 Family Trust are Mary Badler and Matthew Badler.

8.  The Hirshman Family Trust is governed by Missouri law, which imposes fiduciary duties on the trustee and authorizes the trustee to sue and be sued on behalf of the trust. The trustee of the Hirshman Family Trust is Marc Hirshman.

9.  The Badler Family Trust is governed by Missouri law, which imposes fiduciary duties on the trustee and authorizes the trustee to sue and be sued on behalf of the trust. The trustee

of the Badler Family Trust is Matthew Badler.

10. The Guymon Trust is governed by Missouri law, which imposes fiduciary duties on the trustee and authorizes the trustee to sue and be sued on behalf of the trust. The trustee of the Guymon Trust is Matthew Guymon.

11. The Taylor Family Joint Revocable Trust is governed by Missouri law, which imposes fiduciary duties on the trustee and authorizes the trustee to sue and be sued on behalf of the trust. The trustee of the Taylor Family Joint Revocable Trust is David Taylor.

12. The Marc Hirshman Trust is governed by Missouri law, which imposes fiduciary duties on the trustee and authorizes the trustee to sue and be sued on behalf of the trust. The trustee of the Marc Hirshman Trust is Marc Hirshman.

13. The Matthew Badler Revocable Trust is governed by Missouri law, which imposes fiduciary duties on the trustee and authorizes the trustee to sue and be sued on behalf of the trust. The trustee of the Matthew Badler Revocable Trust is Matthew Badler.

14. At the time this action was commenced and as of the date of this Amended Complaint, Matthew Badler and Mary Badler reside permanently in St. Louis County, Missouri, and are taxpayers and citizens of the State of Missouri.

15. At the time this action was commenced and as of the date of this Amended Complaint, Marc Hirshman and Karen Handelman reside permanently in Colorado, and are taxpayers and citizens of the State of Colorado.

16. At the time this action was commenced and as of the date of this Amended Complaint, Matt Guymon resides permanently in St. Louis County, Missouri, and is a taxpayer and citizen of the State of Missouri.

17. At the time this action was commenced and as of the date of this Amended

Complaint, David Taylor resides permanently in St. Louis County, Missouri, and is a taxpayer and citizen of the State or Missouri.

18. Upon information and belief, Defendant Jeffrey Ahlholm resides in Ventura County, California. He resides permanently in California, and is a taxpayer and citizen of California.

19. Upon information and belief, Defendant Lawrence Feigen resides in Los Angeles County, California. He resides permanently in California, and is a taxpayer and citizen of California.

20. SA Acquisition Group is a Delaware Limited Liability Company. Upon information and belief, SA Acquisition Group has three members: Ahlholm, Feigen, and Troy A. Schell.

21. Upon information and belief, Troy A. Schell resides in San Bernardino County, California. He resides permanently in California, and is a taxpayer and citizen of California.

22. Jurisdiction in this action is proper pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000, and because Twain, on the one hand, and Defendants, on the other hand, are citizens of different states.

23. Under the guaranty agreement at issue, Defendants consented to the jurisdiction of any state or federal court located in the City of St. Louis, Missouri (where the Premises (defined below) at issue are located), and agreed that any actions or proceedings arising out of or relating to the agreements at issue shall be litigated in such courts. (*See* Ex. 2, at § 20).

24. In addition, venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this District.

**The Ground Lease and Guaranty Agreements**

25. Twain is the fee owner of certain real property located at 3933 South Broadway in the City of St. Louis, Missouri (the "Premises").

26. On or about December 29, 2021, Twain entered into a 99-year Ground Lease with SA Hospital Real Estate Holdings, LLC ("SA Hospital"), pursuant to which Twain agreed to lease the Premises to SA Hospital in exchange for certain base and supplement rent payments, among numerous other obligations (the "Ground Lease"). A copy of the Ground Lease is attached as Exhibit 1 and incorporated by reference.

27. Pursuant to the Ground Lease, SA Hospital is in possession of the Premises, which are being used for the operation of a 178-bed hospital located in South St. Louis, known as South City Hospital (the "Hospital").

28. The Ground Lease requires SA Hospital to make periodic rent payments to Twain, on an agreed-upon schedule. (Ex. 1, Ground Lease, Article II).

29. In addition, the Ground Lease imposed certain construction obligations on SA Hospital, requiring SA Hospital to construct (or cause to be constructed) certain improvements and renovations to the hospital facilities located on the Premises, and including the obligation to use commercially reasonable efforts to commence and complete the improvements and renovations diligently and on time, pursuant to the terms of the Ground Lease; and to keep the Premises free and clear of mechanics' liens and other claims. (*Id.*, Article V).

30. ` Under the Ground Lease, SA Hospital is liable to Twain for all costs, expenses and attorneys' fees incurred by Twain in enforcing its rights under the Ground Lease and related documents. (Ex. 1, Ground Lease at § 13.02).

31. To secure SA Hospital's obligations under the Ground Lease, Defendants executed

a "Completion and Rent Payment Guaranty" in favor of Twain, thereby guaranteeing all obligations of SA Hospital to Twain (the "Guaranty"). A true and correct copy of the Guaranty is attached as Exhibit 2 and incorporated herein by reference.

32. Under the Guaranty, Defendants agreed (jointly and severally) to unconditionally and irrevocably guarantee the full, prompt, and unconditional performance and observance by SA Hospital of each and every term, covenant, agreement and condition to be performed or observed by SA Hospital pursuant to the Ground Lease, along with full completion of the construction contemplated by the Ground Lease; SA Hospital's indemnity obligations under the Ground Lease; and any and all costs of collecting amounts due under the Ground Lease, or enforcing Twain's rights under the Ground Lease or Guaranty. (Ex. 2, Guaranty at § 1).

33. In addition, Defendants agreed that in the event of a default under the Ground Lease, Defendants shall pay all rent due under the Ground Lease, along with related charges. (*Id.* at § 1 and 2).

34. Also, Defendants specifically agreed that in the event of a default under the Ground Lease, Defendants shall pay all "Construction Costs" incurred under the Ground Lease, as defined in Section 2 of the Guaranty. (*Id.* at § 2).

**SA Hospital's Defaults Under the Ground Lease | Twain's Losses**

35. SA Hospital is in default under the Ground Lease in numerous ways, including (i) failing to make all rent payments due under the Ground Lease; (ii) failing to complete the required improvements and renovations to the Hospital; (iii) failing to provide financial statements as required by Section 13.18 of the Ground Lease; (iv) exposing the Hospital, the Premises, and Twain to several mechanic's lien claims, in violation of Section 5.05 of the Ground Lease, which requires SA Hospital to reimburse Twain for any expenses and losses incurred in paying, adjusting,

6

compromising, and discharging mechanics' lien claims; and (v) exposing the Hospital, Premises, and (in some instances) Twain to numerous lawsuits, claims, judgments, and other obligations, and otherwise failing to operate and manage the Hospital in a safe and stable condition; among other issues.

36. Despite demand from Twain, SA Hospital has failed to make rent payments due and owing under the Ground Lease. On April 13, 2023, Twain sent a letter to SA Hospital declaring the payment default, identifying the amounts owed, and explaining the necessary cure and relevant deadline. A true and correct copy of that letter is attached as Exhibit 3.

37. As of May 9, 2023, SA Hospital was indebted to Landlord in the amount of $802,444.42, consisting of base/supplemental rent, late charges, and per diem additional rent, which continues to accrue (the "Unpaid Rent"). An invoice showing and itemizing the Unpaid Rent is attached as Exhibit 4.

38. SA Hospital defaulted under Section V of the Ground Lease in numerous ways, by failing to finish construction before the agreed-upon completion date; making material misrepresentations in connection with the construction, including statements that the relevant loans and work were consistent with the agreed-upon budget (they were not); and failing to keep the Premises free and clear of mechanics' liens (as discussed in more detail below). A notice of Default setting forth these defects is attached hereto and marked as Exhibit 5. Despite the notice, SA Hospital failed to cure the defaults.

39. As a direct and proximate result of SA Hospital's defaults under Section V of the Ground Lease, Twain has suffered losses and other damages. SA Hospital's failure to complete construction in a thorough and timely manner has reduced the value of the Premises, restricted operation of the Hospital, and caused the filing of several mechanics' liens and related lawsuits, in

7

which Twain is a named defendant. To date, SA Hospital has refused to defend and indemnify Twain from those mechanics' lien lawsuits, causing Twain to incur attorneys' fees and other expenses to defend those lawsuits and protect its interest in the Premises.

40. As a result of SA Hospital's defaults, Guarantors are liable to Twain for all "Construction Costs," as defined in Section 2 of the Guaranty, in addition to the Unpaid Rent and other expenses and losses.

41. SA Hospital's defaults under the Ground Lease, and other failures, have caused Twain to incur significant expense to enforce its rights and protect its interest in the Premises and the Hospital's operations. Twain has incurred, and will continue to incur, significant expenses in connection with its investigation of the condition of the Premises and Hospital and related legal proceedings, including an action seeking the appointment of a general receiver to take control of substantially all of SA Hospital's property and business operations.

42. In addition, SA Hospital's defaults under the Ground Lease, and other failures, have caused Twain to suffer additional losses and damages, including a loss in value of the Premises, and other costs and expenses incurred in connection with SA Hospital's failure to complete certain improvements and renovations to the Hospital.

## Count I | Breach of Guaranty (Defendant Ahlholm)

43. Twain restates and incorporates the allegations set forth in paragraphs 1 through 42 of this Complaint, as if fully set forth herein.

44. Twain relied on the Guaranty in leasing the Premises to SA Hospital, and otherwise extending credit to SA Hospital.

45. Twain has satisfied all conditions precedent under the Guaranty.

46. As of today's date, SA Hospital remains in default under the Ground Lease. SA

8

Hospital is liable to Twain for a variety of damages, expenses, and losses, as set forth in paragraphs 35 through 42, above, among other losses.

47. As a result, Guarantors are liable to Twain for all amounts due and owing, including the Unpaid Rent; "Construction Costs," as defined in Section 2 of the Guaranty; and a variety of other damages, expenses, and losses.

48. Despite demand, Ahlholm has failed to pay the amounts due from SA Hospital to Twain, as required by the Guaranty.

49. As a direct and proximate result of Ahlholm's failure to pay the amounts due under the Guaranty, Twain has been damaged and suffered a variety of damages, expenses, and losses, as stated above. Twain's losses are ongoing and continue to accrue.

50. The Guaranty provides that in the event any guarantor fails to perform its obligations under the Guaranty, the non-prevailing party in any related dispute shall pay any and all costs and expenses incurred by the other party in enforcing or establishing its rights under the Guaranty, including court costs and reasonable attorney's fees. (Ex. 2, Guaranty at § 22.)

51. Twain has incurred, and will continue to incur, attorneys' fees and other costs in enforcing its rights and remedies under the Ground Lease and Guaranty.

### Count II | Breach of Guaranty (Defendant Feigen)

52. Twain restates and incorporates the allegations set forth in paragraphs 1 through 51 of this Complaint, as if fully set forth herein.

53. Twain relied on the Guaranty in leasing the Premises to SA Hospital, and otherwise extending credit to SA Hospital. and accordingly

54. Twain has satisfied all conditions precedent under the Guaranty.

55. As of today's date, SA Hospital remains in default under the Ground Lease. SA

9

Hospital is liable to Twain for a variety of damages, expenses, and losses, as set forth in paragraphs 34 through 41, above, among other losses.

56. As a result, Guarantors are liable to Twain for all amounts due and owing, including the Unpaid Rent; "Construction Costs," as defined in Section 2 of the Guaranty; and a variety of other damages, expenses, and losses.

57. Despite demand, Feigen has failed to pay the amounts due from SA Hospital to Twain, as required by the Guaranty.

58. As a direct and proximate result of Feigen's failure to pay the amounts due under the Guaranty, Twain has been damaged and suffered a variety of damages, expenses, and losses, as stated above. Twain's losses are ongoing and continue to accrue.

59. The Guaranty provides that in the event any guarantor fails to perform its obligations under the Guaranty, the non-prevailing party in any related dispute shall pay any and all costs and expenses incurred by the other party in enforcing or establishing its rights under the Guaranty, including court costs and reasonable attorney's fees. (Ex. 2, Guaranty at § 22.)

60. Twain has incurred, and will continue to incur, attorneys' fees and other costs in enforcing its rights and remedies under the Ground Lease and Guaranty.

**Count III | Breach of Guaranty (SA Acquisition Group)**

61. Twain restates and incorporates the allegations set forth in paragraphs 1 through 60 of this Complaint, as if fully set forth herein.

62. Twain relied on the Guaranty in leasing the Premises to SA Hospital, and otherwise extending credit to SA Hospital. and accordingly

63. Twain has satisfied all conditions precedent under the Guaranty.

64. As of today's date, SA Hospital remains in default under the Ground Lease. SA

10

Hospital is liable to Twain for a variety of damages, expenses, and losses, as set forth in paragraphs 34 through 41, above, among other losses.

65. As a result, Guarantors are liable to Twain for all amounts due and owing, including the Unpaid Rent; "Construction Costs," as defined in Section 2 of the Guaranty; and a variety of other damages, expenses, and losses.

66. Despite demand, SA Acquisition Group has failed to pay the amounts due from SA Hospital to Twain, as required by the Guaranty.

67. As a direct and proximate result of SA Acquisition Group's failure to pay the amounts due under the Guaranty, Twain has been damaged and suffered a variety of damages, expenses, and losses, as stated above. Twain's losses are ongoing and continue to accrue.

68. The Guaranty provides that in the event any guarantor fails to perform its obligations under the Guaranty, the non-prevailing party in any related dispute shall pay any and all costs and expenses incurred by the other party in enforcing or establishing its rights under the Guaranty, including court costs and reasonable attorney's fees. (Ex. 2, Guaranty at § 22.)

69. Twain has incurred, and will continue to incur, attorneys' fees and other costs in enforcing its rights and remedies under the Ground Lease and Guaranty.

WHEREFORE, Plaintiff Twain GL XXV, LLC prays for judgment against Defendants Jeffrey Ahlholm, Lawrence Feigen, and SA Hospital Acquisition Group, LLC, jointly and severally, in the amount exceeding $75,000, and consisting of the Unpaid Rent; all "Construction Costs," as defined in Section 2 of the Guaranty; any other losses, expenses, and damages suffered by Twain as a result of SA Hospital's defaults under the Ground Lease, or otherwise incurred by Twain in connection with the enforcement of Twain's rights under the Ground Lease and Guaranty; Twain's costs, expenses, and attorneys' fees permitted under the Ground Lease and Guaranty;

11

interest and other penalties and charges permitted under the Ground Lease and Guaranty, or other applicable law; and other relief the Court finds appropriate.

Dated: June 5, 2023

Respectfully submitted,

**STINSON LLP**

By: */s/ Andrew J. Scavotto*
Andrew J. Scavotto, #57826
7700 Forsyth Boulevard, Suite 1100
St. Louis, Missouri 63105
(314) 863-0800 - Telephone
andrew.scavotto@stinson.com

Nicholas J. Zluticky MO # 61203
Michael P. Pappas MO # 71117
1201 Walnut St., Ste. 2900
Kansas City, MO 64106
(816) 691-3278 - Telephone
Nicholas.zluticky@stinson.com
Michael.pappas@stinson.com
***Attorneys for Plaintiff Twain GL XXV, LLC***

## **CERTIFICATE OF SERVICE**

Plaintiff will serve this Amended Complaint with its original Summonses to Defendants, via special process server.

*/s/ Andrew J. Scavotto*
**Attorney for Plaintiff Twain GL XXV, LLC**