UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TWAIN GL XXV, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23-cv-00695-MTS |
| JEFFREY AHLHOLM, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On August 31, 2023, Defendant SA Hospital Acquisition Group, LLC filed for voluntary Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware. *See In re SA Hospital Acquisition Group, LLC*, 1:23-bk-11367-BLS (Bankr. D. Del.). The filing of a bankruptcy petition operates as an automatic stay of the commencement or continuation of judicial proceedings against the debtor commenced before the filing of the petition. *See* 11 U.S.C. § 362(a)(1). Since the stay operates only as to the continuation of an action or proceeding *against the debtor*, actions with multiple parties may not necessarily need to be stayed in their entirety; that is, an action may be able to proceed against defendants not subject to the automatic stay. *See, e.g.*, *E%r3%rBiofuels Mead, LLC v. QA3 Fin. Corp.*, 384 B.R. 580, 581–82 (D. Kan. 2008); *Bartech Sys. Int'l, Inc. v. Mobile Simple Sols., Inc.*, 2:15-cv-02422-NJK, 2018 WL 679905, at *2 (D. Nev. Jan. 4, 2018); *see also Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992) (explaining "the stay required by section 362 should extend only to claims against [the bankrupt], and that the stay is not available to nonbankrupt

codefendants, even if they are in a similar legal or factual nexus with the debtor" (internal quotations omitted)); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) ("Subsection (a)(1) is generally said to be available only to the debtor, not third-party defendants or co-defendants.")

In this action, Plaintiff has named two additional Defendants besides Defendant SA Hospital Acquisition Group, LLC, Defendants Jeffrey Ahlholm and Lawrence Feigen. Defendants Ahlholm and Feigen's Counsel—who has not entered an appearance on behalf of Defendant SA Hospital Acquisition Group, LLC—filed a "Suggestion of Bankruptcy and Notice of Automatic Stay of Proceedings" in this case, on behalf of "Defendants," alerting the Court and Plaintiff of SA Hospital Acquisition Group, LLC's bankruptcy petition.[*] Doc. [25]. The Suggestion appears to recognize that the stay limits only the "continuation of any judicial or other action or proceeding *against the Alleged Debtor*," *id.* (emphasis added), but all things considered, it is unclear, at least to the Court, whether Defendants Ahlholm and Feigen are maintaining that the automatic stay prohibits prosecution of this action as to them.

No later than **September 15, 2023**, Defendants Jeffrey Ahlholm and Lawrence Feigen shall file a memorandum with the Court stating their current positions regarding whether the automatic stay prohibits prosecution of this action as to them. If Defendant Ahlholm or Defendant Feigen maintain that it does, the memorandum shall provide an explanation, supported by relevant authority, why the action cannot proceed against one

---

[*] Though he has not entered an appearance on behalf of SA Hospital Acquisition Group, LLC, Counsel for Defendants Ahlholm and Feigen selected in the CM/ECF system that he was filing the Suggestion of Bankruptcy on behalf of Defendant SA Hospital Acquisition Group, LLC.

or both of them. Plaintiff may file a response to Defendants Jeffrey Ahlholm and Lawrence Feigen's memorandum within seven (7) days of its filing.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **September 15, 2023**, Defendants Jeffrey Ahlholm and Lawrence Feigen shall file a memorandum with the Court, consistent with this Memorandum and Order, detailing their current positions on the effect of the automatic stay on the prosecution of this action as to them.

Dated this 8th day of September 2023.

                MATTHEW T. SCHELP
                UNITED STATES DISTRICT JUDGE